RECEIVED

FEB 2 9 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS   SAN ANTONIO DIVISION

| | |
|---|---|
| Maria Ruby Loyola De Rios ) | CIVIL NO. |
| ) | |
| Plaintiff, ) | VIOLATION Fair Debt |
| V. ) | collection Practices Act, 15 |
| Southwestern & Pacific ) | U.S.C. 1692 et seq |
| Specialty Financial Inc ) | **SA12CA0189XR** |
| dba Check'N Go ) | |
| DOES 1 through 30 ) | |
| Defendants. ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Maria Ruby Loyola De Rios, (hereafter the "Plaintiff"), in pro per, complaint against the Defendants, Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, Axcess Financial Services Inc alleges as follows:

**GENERAL ALLEGATIONS**

1: When, in this Complaint, reference is made to any act of Defendants, such allegations shall be deemed to mean that all Defendants their supervisors, employers, individuals, agents,

employees, representatives of said Defendants carried out, or authorized such acts, recklessly or carelessly failed to adequately supervise, or control or direct their employees or agents while engaged in the Validation, operation, or control of the affairs of said collection agency or organization, and did so while acting within the course and scope of said agency, employment, partnership, or conspiracy. Unless otherwise indicated specifically in this Complaint, any reference to "Defendants" shall be read to include all Defendants.

2. Plaintiff is ignorant of the true names of certain Defendants sued under DOES 1 through 30, inclusive, At such time as the true names of aforesaid unknown Defendants responsible in part or whole for the occurrences alleged herein are determined, Plaintiff will name said Defendants in this action, If necessary, pray for leave from the court to amend this complaint accordingly.

**PRELIMINARY STATEMENT**

3. This an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §1692 et seq. (Federal Fair Debt Collect Act)

**JURISDICTION**

4. Jurisdiction of this Court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331

5. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred as well as a substantial part of the

property that is subject to this action is located in this Judicial District.

## PARTIES

6. Plaintiff is a natural person and is resident and citizen of San Antonio Bexar County, the State of Texas, United Stares of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant, Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go., (hereafter Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go ) is a Texas Corporation conducing debt collection in the state Texas and bonded in Texas, and may be served through its registered agent as recorded by the Texas Secretary of State. Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6)

8. Defendant, Axcess Financial Services Inc, (hereafter Axcess Financial Services Inc)is a foreign Corporation conducing title loans in the state of Texas with their principal business address at 7755 Montgomery Rd, Cincinnati, OH 45236.Defendant is a "Creditor," as defined by 15 U.S.C. § 1692a(4)

## FACTUAL ALLEGATIONS

9. On December 22 2011 Plaintiff stop at Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go wish is located at 7103 B San Pedro Ave San Antonio Texas 78216,

Plaintiff requested a loan for $2210.00, with Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go ,Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go represented that they will obtain a loan for Plaintiff with Axcess Financial Services Inc located at 7755 Montgomery Rd, Cincinnati, OH 45236, Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go did obtain a loan for Plaintiff from Axcess Financial Services Inc on December 22, 2011 wish with an annual rate of $215.70% with a total finance charge of $2881.86 with a total payment of $5124.86 with the first payment do on January 06 2012 for $222.82 and every other week till pay in full.

10. On December 26 2011 Gilbert Martinez stop at Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go to pay the full balance on the debt in behalf of Plaintiff Maria Rios, The form of Payment that was deliver was a certify check payable to Axcess Financial Services Inc for a total of $2243.00, On December 26 2011 Gilbert Martinez was notify that Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go take cash payments only and that Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go wants cash as a from of payments, and the payments must bee made to Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go and not Axcess Financial Services Inc.

11. On January 2012, January 2012,Defendant Southwestern &

Pacific Specialty Financial Inc d.b.a. Check'N Go  Employees Tiffany call Plaintiffs Family member Juan Rios at his work cell phone 210-606-0689 and left several massages that Plaintiff must pay the debt on time by the 6 of January 2012 or she will be receiving a late charge, This massages have been left at a business cell phone, several employees have excess to the phone and have heard the massages of Defendants Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go  Employees Tiffany, Plaintiffs Family member Juan Rios is not a party to the loan. Defendants employee Tiffany works at defendants Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go store at 7103 B San Pedro Ave San Antonio Texas 78216  have violated The FDCPA 15 U.S.C. 15 U.S.C. 1692b(2)(3, 15 USC 15 USC 1692c (b)

**15 U.S.C. § 1692b "Definitions"**
section 804. Acquisition of location information Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall:
(2) not state that such consumer owes any debt;

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information

**15 U.S.C. § 1692c (b) "Definitions"**
(b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

12. On or about January 7,2012 and on or about February 2012 Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go employee Tiffany violated 15 USC 1692b and FDCPA 15 USC

15 USC 1692c by calling Juan Rios at his business cell phone and living several massages that the account of Plaintiff Maria Rios was delinquent and all pass do payment must be made or that Defendant will reposes the vehicle, this massages have provided to a third and a forth party wish are not a party to the contract or the debt, The actions on January 7,2012 and on February 2012 of Defendants employee Tiffany have violated The FDCPA 15 USC 15 USC 1692b and FDCPA 15 USC 15 USC 1692c

  13. On January 10 2012 Plaintiff mail and fax a letter to defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go notifying Defendant cease communication in relation the debt and that Plaintiff refuses to pay Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, that all the payment will be pay to Defendant Axcess Financial Services Inc at 7755 Montgomery Rd, Cincinnati, OH 45236,

  14.By Defendant Calling plaintiff and family members after been notify on January 10, 2012 to cease communication that Plaintiff refuses to pay the debt to defendant, that Plaintiff wishes the debt collector to cease further communication, The Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go violated 15 U.S.C. 15 U.S.C. 1692c by contacting Plaintiff and family member after been notify by Plaintiff to cease communication in relation to the debt.

15 U.S.C. § 1692c "Definitions"

© CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector

to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except-

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or 7 § 805 15 USC 1692c

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

(d) For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator

15. Plaintiff alleges that on January and February 2012 Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go have Caus Plaintiff and family members telephone to ring over and over with intent to annoy, abuse, or harass plaintiff and family members

**15 USC 1692d(5) "Definitions"**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

16. Despite Plaintiff attempting to work this out with Defendant, Defendant is still attempting to collect the debt by mailing letters calling family members and providing personal information to a third party not part of the debt in relation of Plaintiff.

17. Because of the negligent and/or willful actions of Defendants, Plaintiff' has suffer emotional stress, emulation, embarrassment,

18. Because of the negligent and/or willful actions of Defendants, Plaintiff has been deprive of her privacy of the debt and on her personal information.

19. Because of this, the plaintiff has suffered damages and future damages that have yet to be determined.

20. This suit is brought against Defendants, because the damages were caused by their violation of the Fair Debt Collection Act.

21. In all instances of violating the Fair Debt Collection Act, Defendants did so willfully and/or negligently.

22. Under, 15 U.S.C. §1692k , the Plaintiff is entitled to recover actual damages and reasonable attorneys' fees.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

### CAUSES OF ACTION I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT

### 15 U.S.C. § 1692b (2)

23. Plaintiff incorporates the foregoing paragraphs and

footnotes as though the same were set forth at length herein.

24. Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, a third-party debt collector, violating 15 U.S.C. §1692b(2) by calling a business cell phone 210-xxx-0689 and living massages in relation to Plaintiff allege debt with Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go.

25. Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, violating 15 U.S.C. §1692b(2) by providing information to a third party and not a party to the debt that Plaintiff owes a debt to Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go.

26. This cause of action is based upon the Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go. violation of the Fair Debt Collection Act.

27. In all instances of violating the Fair Debt Collection Act, Defendants did so willfully and/or negligently.

28. Under, 15 U.S.C. §1692$k_2$, the Plaintiff is entitled to recover actual damages and reasonable attorneys' fees.

### CAUSES OF ACTION II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT

### 15 U.S.C. § 1692b(3)

29. Plaintiff incorporates the foregoing paragraphs and

footnotes as though the same were set forth at length herein.

30. Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, a third-party debt collector, violating 15 U.S.C. §1692b(3) by communicating with a third party and Juan Rios and family members more than once and not a party to the debt that Plaintiff owes a debt.

31. This suit is brought against Defendants, because the damages were caused by their violation of the Fair Debt Collection Act.

32. In all instances of violating the Fair Debt Collection Act, Defendants did so willfully and/or negligently.

33. Under, 15 U.S.C. §1692k$_2$, the Plaintiff is entitled to recover actual damages and reasonable attorneys' fees.

### CAUSES OF ACTION III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT

### 15 U.S.C. § 1692C (B)

34. Plaintiff incorporates the foregoing paragraphs and footnotes as though the same were set forth at length herein.

35. Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, violating 15 U.S.C. §1692c(b)by communicating with a third party a without the prior consent of Plaintiff given directly to the debt collector or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate

a post judgment judicial remedy, Defendants have communicated with other person than Plaintiff.

36. This suit is brought against Defendants, because the damages were caused by their violation of the Fair Debt Collection Act.

37. In all instances of violating the Fair Debt Collection Act, Defendants did so willfully and/or negligently.

25. Under, 15 U.S.C. §1692k$_2$, the Plaintiff is entitled to recover actual damages and reasonable attorneys' fees.

**CAUSES OF ACTION IV**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT**

**15 U.S.C. § 1692C ©**

38. Plaintiff incorporates the foregoing paragraphs and footnotes as though the same were set forth at length herein.

39. Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, violating 15 U.S.C. §1692c © by calling Plaintiff after been notify in writing by mail and by fax to cease communication in relation to the debt that plaintiff was not going to pay.

40. This suit is brought against Defendants, because the damages were caused by their violation of the Fair Debt Collection Act.

41. In all instances of violating the Fair Debt Collection Act,

Defendants did so willfully and/or negligently.

42. Under, 15 U.S.C. §1692k$_2$, the Plaintiff is entitled to recover actual damages and reasonable attorneys' fees.

### CAUSES OF ACTION V

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT

### 15 U.S.C. § 1692d (5)

43. Plaintiff incorporates the foregoing paragraphs and footnotes as though the same were set forth at length herein.

44. Defendant Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, violating 15 U.S.C. §1692d (5) by calling Plaintiff and family members over and over  Causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any Plaintiff and family members.

45. On January 2012 and on February 2012 defendants have been calling Plaintiff and family members repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff and family member at the cell phone 210-xxx-2324 and at 210-xxx-0689.

46. This suit is brought against Defendants, because the damages were caused by their violation of the Fair Debt Collection Act.

47. In all instances of violating the Fair Debt Collection Act, Defendants did so willfully and/or negligently.

48. Under, 15 U.S.C. §1692k$_2$, the Plaintiff is entitled to

recover actual damages and reasonable attorneys' fees.

15 U.S.C. §1692k "Civil Liability"

## PRAYER FOR RELIEF
## CAUSES OF ACTION I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT
## 15 U.S.C. § 1692b (2)

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, based on the following requested relief:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Debt Collection Act,

(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation.

© Actual damages;

(D) Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.1692k,

(E) Punitive damages

(F) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

(G) Any other relief that this Honorable Court deems appropriate.

**PRAYER FOR RELIEF**
**CAUSES OF ACTION II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT**
**15 U.S.C. § 1692b (3)**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, based on the following requested relief:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Debt Collection Act,

(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation.

© Actual damages;

(D) Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.1692k,

(E) Punitive damages

(F) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

(G) Any other relief that this Honorable Court deems appropriate.

## PRAYER FOR RELIEF
## CAUSES OF ACTION III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT
### 15 U.S.C. § 1692c (b)

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, based on the following requested relief:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Debt Collection Act,

(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from: Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation.

© Actual damages;

(D) Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.1692k,

(E) Punitive damages

(F) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

(G) Any other relief that this Honorable Court deems appropriate.

## PRAYER FOR RELIEF
## CAUSES OF ACTION IV

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT
## 15 U.S.C. § 1692c (c)

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, based on the following requested relief:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Debt Collection Act,

(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from: Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation.

© Actual damages;

(D) Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.1692k,

(E) Punitive damages

(F) Costs and reasonable attorney's fees pursuant to 15 U.S.C. $1692k.

(G) Any other relief that this Honorable Court deems appropriate.

**PRAYER FOR RELIEF**
**CAUSES OF ACTION V**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT**

## 15 U.S.C. § 1692d (5)

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, Southwestern & Pacific Specialty Financial Inc d.b.a. Check'N Go, based on the following requested relief:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Debt Collection Act,

(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from: Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation.

© Actual damages;

(D) Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.1692k,

(E) Punitive damages

(F) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

(G) Any other relief that this Honorable Court deems appropriate.

Respectfully submitted

*Maria Ruby Loyola De Rios*
Maria Ruby Loyola De Rios
6025 Callagan Rd
San Antonio Texas 78228
210-797-2324